1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA LONA,<br><br>               Plaintiff,<br><br>    vs.<br><br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1 through 10, inclusive,<br><br>               Defendants. | CASE NO. 07-CV-1276 – IEG (CAB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF PLAINTIFF AT TRIAL**<br><br>**[Doc. No. 25.]** |

Defendant Prudential Insurance Company of America ("Prudential") moves the Court *in limine* to preclude testimony of plaintiff at trial. (Doc. No. 25.) Plaintiff filed an opposition brief on December 29, 2008. (Doc. No. 26.) The Court heard oral arguments on defendant's motion on Monday, January 5, 2009. For the reasons set forth below, the Court grants defendant's motion.

## DISCUSSION

Plaintiff has argued she must testify briefly at trial to explain portions of the narrative surveillance report that provided the basis for defendant's denial of her long-term disability benefits. (Plaintiff's Memorandum of Contentions of Law and Fact, Doc. No. 17.) She asserts that she was never interviewed or asked any questions about the surveillance that would have given her the opportunity to dispel the report's findings. Defendant moves the Court *in limine* to preclude any such

1  testimony because it is outside the administrative record and is not necessary for the court to conduct
2  an adequate *de novo* review of the benefit decision.[1]

3  If *de novo* review applies, a district court "simply proceeds to evaluate whether the plan
4  administrator correctly or incorrectly denied benefits." <u>Opeta v. Northwest Airlines Pension Plan For
5  Contract Employees</u>, 484 F.3d 1211, 1216 (9th Cir. 2007)  This evaluation is based on the evidence
6  in the administrative record.  When there is a "'sufficiently developed record before the plan
7  administrator the court should not review documents not submitted to the plan administrator prior to
8  its decision.'" <u>Mongeluzo v. Baxter Travenol Long Term Disab. Benefit Plan</u>, 46 F.3d 938, 943 (9th
9  Cir. 1995) (citation omitted).  Although a district court has discretion to consider evidence that was
10 not before the plan administrator, this discretion should only be exercised when "circumstances clearly
11 establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit
12 decision." <u>Mongeluzo</u>, 46 F.3d at 944 (9th Cir. 1995).  <u>Mongeluzo</u> "emphasize[d] that a district court
13 should not take additional evidence merely because someone at a later time comes up with new
14 evidence that was not considered by the plan administrator." <u>Mongeluzo</u>, 46 F.3d at 944.  Courts
15 therefore narrowly apply <u>Mongeluzo</u> in determining whether extrinsic evidence is "necessary." <u>Opeta</u>,
16 484 F.3d at 1217; <u>Kearney v. Standard Ins. Co.</u>, 175 F.3d 1084, 1094 (9th Cir. 1999).

17 Accordingly, the Court must now decide whether plaintiff's testimony is clearly necessary for
18 the Court to conduct adequate *de novo* review of the denial of plaintiff's claim.  Plaintiff argues her
19 testimony rebutting and refuting the findings of the surveillance report is necessary for the Court to
20 make a proper review because the report contains sweeping unfounded conclusions about her
21 condition that defendant made no effort to verify or substantiate. (Opp. at 3-4.)  Plaintiff argues that
22 when the record contains purported inaccuracies, the court must consider extrinsic evidence, including
23 oral testimony, based <u>Feibusch v. Integrated Device Tech., Inc.</u>, 463 F.3d 880 (9th Cir. 2006).
24 <u>Feibusch</u> does permissively suggest  that it *may* be advisable for the Court to consider extrinsic oral

---

[1] Plaintiff brought this action under Section 1132(a)(1)(B)  of the Employee Retirement Income Security Act of 1974 ("ERISA").  The district court reviews a challenge to an ERISA plan's denial of benefits *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Opeta v. Northwest Airlines Pension Plan For Contract Employees</u>, 484 F.3d 1211, 1216 (9th Cir. 2007) (citation omitted).  The parties agree the standard of review in this matter is *de novo*.

expert testimony in cases where there are "significant differences and claims of inaccuracy regarding the written statements of the various evaluators in the administrative record." Feibusch, 463 F.3d at 886.  However Feibusch is distinguishable from the present case because the discrepancies identified by the Feibusch court apparently arose through the claim appeal process, while here plaintiff attempts to refute a surveillance report's findings for the first time through testimony at trial.[2]

The Ninth Circuit has relied upon a non-exhaustive list of exceptional circumstances where introduction of extrinsic evidence would be considered necessary for adequate *de novo* review of the denial of an ERISA claim: (1) Claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; (2) the availability of very limited administrative review procedures with little or no evidentiary record; (3) the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; (4) instances where the payor and the administrator are the same entity and the court is concerned about impartiality; (5) claims which would have been insurance contract claims prior to ERISA; and (6) circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.  Opeta, 484 F.3d at 1217 (citing Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025 (4th Cir. 1993)).  The only potential factor applicable here is the sixth: existence of additional evidence plaintiff *could not have* presented in the administrative process.  Plaintiff has merely argued that her responses should have been considered as part of defendant's investigation, but presents no evidence that she could not have presented her objections during the administrative process.  The Court accordingly finds her testimony is not necessary for adequate *de novo* review of her claim.

## CONCLUSION

For the reasons set forth herein, the Court GRANTS defendant's motion in limine.

**IT IS SO ORDERED.**

**DATED:  January 5, 2009**

                          *Irma E. Gonzalez*
                        **IRMA E. GONZALEZ, Chief Judge**
                        **United States District Court**

---

[2] At the very least plaintiff has failed to point to evidence in the administrative record that she attempted to respond to the findings in the surveillance report.